UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

SANDARA WEBER,

    Plaintiff,

vs.

HOME DEPOT USA, INC.,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. The removal is based on diversity of citizenship, and this Court therefore has original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). The specific grounds for removal are the following:

**I. STATEMENT OF THE CASE**

Plaintiff Sandra Weber[1] filed a Complaint against Home Depot in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, on or about April 12, 2022. The action is styled *Sandara Weber v. Home Depot USA, Inc.*, and is designated Case No. 2022-CA-003492 (hereafter referred to as the "State Action"). Copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit A**.

---

[1] Defendant believes that Plaintiff's proper name is Sandra Weber, and Plaintiff's Complaint filed in the State Court Action contains a typo in the heading.

Defendant was first served with the Summons and Complaint on May 9, 2022. The Complaint does not specify the amount of damages sought, however, nor does it provide an estimate of same. See **Exhibit A**, Pl.'s Compl.

## II. GROUNDS FOR REMOVAL

This removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3), through application of 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1332(a), the State Court Action can be properly removed to this Court if there is (a) complete diversity of citizenship between Plaintiff and Defendant; and, (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**(a)     There is Complete Diversity of Citizenship.**

As set forth below, Plaintiff and Defendant are citizens of different states.

Plaintiff is a resident of Palm Beach County, Florida, is a citizen of Florida for diversity purposes, and she worked for Defendant in Palm Beach County, Florida during relevant time. See **Exhibit A**, Pl's Compl. ¶ 4; See **Exhibit B**, Declaration of Julia Smith ¶ 5.

Pursuant to 28 U.S.C. § 1332(c), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business. Defendant Home Depot is incorporated in the State of Delaware with its principal place of business in Atlanta, Georgia. See **Exhibit B**, Declaration of Julia Smith ¶ 3. Thus, Home Depot is a citizen of Delaware and Georgia for purposes of determining diversity of citizenship.

As set forth above, this suit is between citizens of different states as required by 28 U.S.C. § 1332(a)(1).

**(b)** **<u>The Amount in Controversy Exceeds $75,000.00.</u>**

Pursuant to 28 U.S.C. § 1446(c)(2)(A), this Notice of Removal asserts that the amount in controversy is greater than $75,000.

Plaintiff's Complaint demands an unspecified amount of damages under the Florida Civil Rights Act (FCRA), including back pay, front pay or reinstatement, compensatory damages, and attorney's fees. *See* **Exhibit A**, Pl.'s Compl. ¶ 40 (in the unnumbered "WHEREFORE" clause).

Where, as in the instant case, a plaintiff has made an unspecified demand for damages in state court, the removing defendant must establish by a ***preponderance of the evidence*** that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 1996) (Where a plaintiff has made an unspecified demand for damages in state court, the defendant must be able to prove that the amount in controversy, ***more likely than not***, exceeds the jurisdictional threshold.) Here, the Court must find that the claim for damages is, more likely than not, worth more than $75,000.

At the time Defendant was served with a copy of the Complaint, Defendant was unaware of the quantum of the above-referenced damages that Plaintiff was seeking in her unspecified demands. In short, Defendant was unable at the case inception to establish the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2)(B).

On July 6, 2022, Defendant served Plaintiff with interrogatories and requested Plaintiff to:

> List each element of damages that [Plaintiff is] claiming and include in [the] response the following: the category into which item of damages falls, (*i.e.* general damages, special or consequential damages, interest, and any other relevant categories); the factual basis for each item of damages; the amount claimed for each; an explanation of how each amount was calculated, including any mathematical formula…

*See* Defendant's First Set of Interrogatories to Plaintiff, Interrogatory No. 2 attached hereto as **Exhibit C**. After seeking multiple extensions, Plaintiff served her interrogatory answers on September 8, 2021, noting that she is seeking **$10,070.00** in back wages, **$150,000.00** in compensatory damages, and **$150,000.00** in punitive damages. *See* Interrogatory Answers, attached hereto as **Exhibit D**. Thus, and in accordance with Plaintiff's own admission, the value of Plaintiff's claims in this matter exceeds $75,000.00, exclusive of interest and costs. As a result, the amount in controversy exceeds the jurisdictional threshold pursuant to 28 U.S.C. § 1332(a).

In addition, Plaintiff has separately demanded attorney's fees and costs. *See* **Exhibit A**, Pl.'s Compl. ¶ 40. If attorney's fees are allowable by statute, they must also be included in calculating the amount in controversy. *See Field v. Nat'l Life Ins. Co.*, No. 8:00-CV-989-T-24TBM, 2001 WL 77101, at *4 (M.D. Fla. Jan. 22, 2001). Attorney's fees are authorized by the Florida Civil Rights Act. *See* Fla. Stat. § 760.11. Accordingly, Plaintiff's potential attorney's fees must also be included in estimating the amount in controversy.

Courts have found that reasonable hourly rates in Southern Florida for attorneys handling employment cases can range anywhere from $175 to $350 per hour. *See Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 WL 5845010, at *5 (M.D. Fla. Oct. 23, 2012) (awarding plaintiff

4

$175 and $350 per hour for attorney's fees depending on experience level of counsel). As such, attorneys' fees in employment cases often exceed the jurisdictional threshold of $75,000. *See Mock v. Bell Helicopter Textron, Inc.*, No. 6:04-CV-1415, 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $342,207.81 in attorney's fees in age discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00CV2012T24EAD, 2003 WL 21659097 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar.) Should Plaintiff prevail at trial it is likely that her attorney's fees alone would exceed $75,000.

Because the value of Plaintiff's claims clearly exceeds $ 75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the district court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). This action may therefore be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

### III. VENUE

Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court in and for Palm Beach County, Florida. *See* 28 U.S.C. § 1446(b)(3).

### IV. CONSENT OF OTHER DEFENDANTS

There are no other defendants who would need to join in or consent to this Notice of Removal.

### V. TIMELINESS OF REMOVAL

28 U.S.C. § 1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Here, the case stated by the initial pleading was not removable on its face. Defendant was left to speculate whether the amount in controversy actually exceeded $75,000.00, in light of Plaintiff's unspecified demands in her Complaint. In line with this, the United States District Court for the Southern District of Florida has stated the following with respect to removal under 28 U.S.C. § 1446:

> Where it is unclear whether the court has subject-matter jurisdiction, neither the court nor the defendants may speculate or determine whether there is jurisdiction by "looking to the stars." Indeed, counsel for the removing party has a Rule 11 obligation to remove a case only when he has a good faith basis for concluding that the district court has subject-matter jurisdiction. And it is "*highly questionable* whether a defendant could ever file a notice of removal on diversity grounds . . . where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice without seriously testing the limits of compliance with Rule 11." Courts recognize that a plaintiff will frequently attempt to frustrate a defendant's right to remove a case to federal court. Accordingly courts . . . will often look to the efforts that the removing party has undertaken to ascertain the jurisdictional amount.

*ACT Lending Corp. v. Mortgage In. Agency, Ltd.*, No. 09-60729-CIV, 2009 WL 2834789, at *3 (S.D. Fla. Aug. 27, 2009) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) (emphasis in original)).

It was not until Plaintiff served her answers to Defendant's interrogatories on **September 8, 2022** that Defendant learned that the amount in controversy exceeded $75,000.00. These interrogatory answers therefore constituted receipt of "other papers" from which Defendant could *first* ascertain that the amount in controversy exceeded the jurisdictional amount of $75,000.00. See *Del Rio v. Scottsdale Ins. Co.*, Case No. 605CV1429ORL19JGG, 2005 WL 3093434, at *4

6

(M.D. Fla. Nov. 18, 2005) ("Interrogatory answers constitute 'other papers' under § 1446(b)."); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

The thirty days allotted for removal by 28 U.S.C. § 1446(b) will expire on October 10, 2022. *See Del Rio*, 2005 WL 3093434, at *4 (holding that a defendant's removal of a case within thirty days after receiving interrogatory answers from plaintiff or deposing a witness and learning that the amount in controversy exceeded the jurisdictional amount was timely). *ACT Lending Corp.*, 2009 WL 2834789, at *5 (same). Moreover, the one year period for removal under 28 U.S.C. § 1332, as prescribed by 28 U.S.C. § 1446(c), will expire on April 12, 2023, which is one year from the date on which Plaintiff filed her Complaint. Inasmuch as this Notice of Removal is being filed on September 29, 2022, it is timely.

## VI. ATTACHMENT OF STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the State Court Action is annexed hereto as **Exhibit A**.

## VII.   NOTICE OF REMOVAL GIVEN TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. *See* **Exhibit E**.

Dated: September 29, 2022.

      Respectfully submitted,

      OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456


<u>Gregory R. Hawran</u>
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant*,
*Home Depot U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Gregory R. Hawran  
Gregory R. Hawran

## SERVICE LIST
*Sandara Weber v. Home Depot U.S.A., Inc.*
*United States District Court for the Southern District of Florida*
CASE NO._____

Jason Remer
jremer@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: 305.416.5000

*Counsel for Plaintiff*

Method of Service:  CM/ECF

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant*