# EXHIBIT A

Filing # 147571585 E-Filed 04/12/2022 06:26:40 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH   JUDICIAL CIRCUIT, IN AND FOR PALM BEACH   COUNTY, FLORIDA

Sandra Weber
Plaintiff

Case # _____
Judge _____

vs.

Home Depot USA Inc
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☒ $75,001 - $100,000
- ☐ over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
     ☐ yes
     ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>           Fla. Bar # <u>165580</u>
         Attorney or party                   (Bar # if attorney)

<u>Jason S Remer</u>            <u>04/12/2022</u>
(type or print name)            Date

Filing # 147571585 E-Filed 04/12/2022 06:26:40 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

SANDARA WEBER,

     Plaintiff,

vs.                         Case No.:

HOME DEPOT USA, INC.

     Defendant.

_____/

## COMPLAINT

Plaintiff, SANDRA WEBER ("Plaintiff"), on behalf of herself by and through undersigned counsel, in the above styled cause, sue Defendant, HOME DEPOT USA (hereinafter referred to as "Defendant"). This action is filed under the Florida Civil Rights Act, §760.01, et seq., with respect to disability discrimination and retaliation. Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages as a result of disability discrimination and retaliation against on Plaintiff's in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA"),

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is authorized to conduct business in Palm Beach County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County, the discriminatory acts took place in Palm Beach County, and damages exceed $30,000.

6. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination Charge 510-2021-03997 on April 30, 2021.

7. More than 180 days have passed since Plaintiff filed her complaint with the EEOC, the 180th day was October 27, 2021.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff, a female with herniated discs in her neck, back and has a bulging disc which are chronic disabling conditions that qualify plaintiff as disabled under the ADA.

10. Plaintiff was employed with Defendant from April 11, 2014 through February 17, 2021 when she was terminated. .

11. Plaintiff was paid an hourly rate of $13.26 per hour.

12. Plaintiff worked part time for various hours per week..

13. Plaintiff's hour were clocked using a time clock.

14. Plaintiff was subjected to disparate treatment based on her disability and/or perceived disability by Defendant through its supervisors including Kevin (LNU) and Elsa (LNU).

15. Plaintiff claims the employees without a disability or requests for accommodations received preferential treatment from Plaintiff's supervisor.

16. Plaintiff was injured on the job approximately five years ago and subsequent to this injury Defendant started implying that Plaintiff did not know how to do her job.

17. Plaintiff would regularly be reprimanded for not being at her register while she was assisting customers pursuant to store policy. This did not happen to other employees that were not disabled. Defendant behaved in this manner as retaliation for her disability.

18. Due to Plaintiff's prior work injury, she would experience redness in her eye. Defendant, though knowing that Plaintiff suffered this injury and that Plaintiff was not sick with Pink Eye, would imply same and send her home from work. This occurred on multiple occasions throughout Plaintiff's employment, after her work injury and through termination. This condition is permanent and qualifies plaintiff under the ADA as disabled due to impact on her vision.

19. Plaintiff was in a car accident on February 4, 2019.

20. Plaintiff applied for and received short term disability as a result of this motor vehicle accident in 2019.

21. Upon returning from leave, defendant was slow to put the plaintiff back on the schedule and was not treated pursuant to store policy and seniority rules with respect to scheduling.

22. Plaintiff can only describe the situation regarding her discriminatory treatment as compared to other co-workers by supervisors as favoritism.

23. Plaintiff requested but was denied advancement while working for Defendant in retaliation for her disability.

24. Plaintiff was an excellent employee and was promoted quickly receiving awards such as the Badger Award and is supposed to be rewarded with a $50 incentive for this award and

defendant has refused to pay Plaintiff yet has paid other non-disabled employees for this achievement.

25. Plaintiff was not treated the same as other employees.

26. Plaintiff complained to supervisors Kevin and Elsa.

27. Plaintiff was terminated due to her disability on February 17, 2021.

28. Plaintiff had worked for Defendant for years and had the qualifications and certifications necessary for the position but Defendant denied promotions giving them to other non-disabled employees based on discrimination for her disability.

29. Any reason proffered by Defendant for the adverse employment action is mere pretext for unlawful discrimination and retaliation.

## COUNT I

### *DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA as she is disabled.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability -based animosity.

33. Such discrimination was based upon the Plaintiff's disability or perceived disability.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and/or federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

      A.   Adjudge and decree that Defendant has violated the FCRA, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees and;

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *RETALIATION IN VIOLATION OF THE FCRA*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this Complaint as if set out in full herein.

42. Defendant is an employer as that term is used under the applicable statutes referenced above.

43. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

44. The foregoing unlawful actions by Defendant were purposeful.

45. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

46. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

47. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

48. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA and in addition, order the following additional relief:

G. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

H. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

I. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

J. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

K.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

L.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

M.  For a money judgment representing prejudgment interest;

N.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

O.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

P.  Grant PLAINTIFF a trial by jury; and

Q.  Grant such other and further relief as the Court deems just and proper.

## COUNT III
### Retaliation under Fla. Stat. § 440.205 Against Defendant

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

50. Plaintiff's work-related injury required medical treatment.

51. Plaintiff reported his injuries to Defendant through its agent.

52. Thereafter, Defendant discharged Plaintiff and did not allow him to re-commence work for the Defendant.

53. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

54. The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla.

Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

55. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

56. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

57. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

<u>**JURY DEMAND**</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 12, 2022.                    Respectfully submitted,


                                        /s/  Jason S. Remer
                                        **Jason S. Remer, Esq.**
                                        Florida Bar No.: 165580
                                        jremer@rgpattorneys.com
                                        **REMER & GEORGES-PIERRE, PLLC**
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        Telephone: (305) 416-5000
                                        Facsimile: (305) 416-5005

Filing # 147571585 E-Filed 04/12/2022 06:26:40 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

SANDARA WEBER,

       Plaintiff,

vs.                     Case No.:

HOME DEPOT USA, INC.

       Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** HOME DEPOT USA, INC., through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET, SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

JOSEPH ABRUZZO        Apr 14 2022
CLERK                  DATE

*Blake Smith*

(BY) DEPUTY CLERK
             BLAKE SMITH



IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

Administrative Circuit Judge



**JOSEPH ABRUZZO**

**RECEIPT**
4426852

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
04/14/2022 11:16
Page 1 of 1

| Receipt Number: 4426852 - Date 04/14/2022  Time 11:16AM | |
|---|---|
| **Received of:** Jason S Remer<br>44 West Flagler Street<br>Miami, FL 33130 | |
| **Cashier Name:** ADMIN | **Balance Owed:** 411.00 |
| **Cashier Location:** E-Filing | **Total Amount Paid:** 411.00 |
| **Receipt ID:** 10778097 | **Remaining Balance:** 0.00 |
| **Division:** AD: Circuit Civil Central - AD(Civil) | |

| Case# 50-2022-CA-003492-XXXX-MB -- PLAINTIFF/PETITIONER: WEBER, SANDRA | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFiling_ACH | 3436756 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY,
FLORIDA

SANDARA WEBER,

        Plaintiff,                 CASE NO: 2022-CA-003492

v.

HOME DEPOT USA, INC.,

        Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

     Defendant Home Depot USA, Inc. hereby moves for a 14-day enlargement of time, through and including June 14, 2022, to respond to Plaintiffs' Complaint. In support of this Motion, Defendant states the following:

     1.    Plaintiff served initial Process on Defendant on or about May 9, 2022. Thus, Defendant's response is presently due on May 31, 2022.

     2.    Defendant's undersigned counsel was just recently assigned to defend this action. Thus, Defendant requires additional time to investigate the averments in Plaintiff's Complaint.

     3.    For the reasons described above, Defendant requires a 14-day extension of time to prepare a response to Plaintiff's Complaint.

     4.    This motion is not being presented for purposes of delay or any other improper purpose. The requested extension will not prejudice Plaintiff or any other individual with an interest in this action.

5.      Counsel for Defendant certifies that he has consulted with Plaintiff's counsel in an effort to resolve the relief requested herein by agreement.  Plaintiff's counsel Jason Remer, Esquire, agreed to the requested 14-day extension for Defendant to respond to Plaintiff's Complaint, through and including June 14, 2022.

6.      For the reasons described above, good cause exists for the requested extension.

WHEREFORE, Defendant Home Depot USA, Inc., requests a 14-day enlargement of time, through and including June 14, 2022, within which to respond to Plaintiff's Complaint. Dated: May 25, 2022.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:  305.374.0456


*s/ Gregory R. Hawran*
Christopher P. Hammon
  Florida Bar Number 176753
  chris.hammon@ogletree.com
Gregory R. Hawran
  Florida Bar Number 55989
  gregory.hawran@ogletree.com

*Counsel for Defendant Home Depot USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2022, the foregoing document is being provided this day on all counsel of record identified on the attached Service List in the manner specified.

*s/ Gregory R. Hawran*
Gregory R. Hawran

## SERVICE LIST

*Sandara Weber v. Home Depot USA, Inc.*
*15th Judicial Circuit in and for Palm Beach County, Florida*
Case No. 2022-CA-003492

Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005
Email: jremer@rgpattorneys.com

*Counsel for Plaintiff*

Method of Service: eFiling Portal

Christopher P. Hammon
  chris.hammon@ogletree.com
Gregory R. Hawran
  gregory.hawran@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant*

4

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AD
CASE NO. 50 2022-CA-003492 XXXXMB

SANDRA WEBER,
    Plaintiff,
v.
HOME DEPOT USA, INC.,
    Defendant.
_____ /

## AGREED ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

THIS ACTION came before the Court on Defendant, Home Depot USA, Inc.'s Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint. The Court having reviewed the motion, considered the agreement of the parties, and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Motion be and the same is hereby GRANTED. Defendant shall have to and including June 14, 2022 in which to file its Response to Plaintiff's Complaint.

DONE AND ORDERED in Chambers, at West Palm Beach, Florida.

50-2022-CA-003492-XXXX-MB   05/25/2022
Jaimie R. Goodman  Circuit Judge

50-2022-CA-003492-XXXX-MB   05/25/2022
Jaimie R. Goodman
Circuit Judge

Copies furnished:
**via Judicial E-Service:**
Jason S. Remer, Esq., 44 W. Flagler Street, Suite 2200, Miami, FL 33130;
jremer@rgpattorneys.com; ng@rgpattorneys.com; pn@rgpattorneys.com
**via U.S. Mail:**
Home Depot USA, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

IN THE CIRCUIT COURT, 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 2022-CA-003492

SANDARA WEBER,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Home Depot U.S.A, Inc. ("Defendant" or "Home Depot"), pursuant to Fla. R.

Civ. P. 1.110(c), hereby answers the numbered paragraphs of the Complaint filed by Plaintiff

Sandra Weber and presents the following defenses:

### "JURISDICTION AND VENUE"

1.    Paragraph 1 of the Complaint contains a legal conclusion to which no response is

required. To the extent a response is required, Defendant does not contest that Plaintiff purports

to bring suit pursuant to the Florida Civil Rights Act, § 760.01 *et seq.* (FCRA) but Defendant

denies violation of any law and denies the existence of facts and circumstances justifying relief.

2.    Defendant admits only that this Court has subject matter jurisdiction over this

action.

3.    Defendant admits only that it employed Plaintiff at one time. Otherwise, denied.

4.    Admitted.

5.    Defendant admits that venue is proper in Palm Beach County, Florida.

Otherwise, denied. Defendant specifically denies that it has violated any law arising from

NOT A CERTIFIED COPY

Plaintiff's employment with Home Depot or otherwise, or that any action has occurred that would entitle Plaintiff to any relief

6.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

7.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

8.      Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

## "FACTUAL ALLEGATIONS COMMON TO ALL COUNTS"

9.      Defendant admits only that Plaintiff identifies as a female.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore denies them.

10.     Defendant admits only that it employed Plaintiff rom on or about April 13, 2014 through on or about February 17, 2021.

11.     Admitted.

12.     Defendant admits that Plaintiff worked in a part-time status.  Otherwise, denied.

13.     Defendant admits that Plaintiff was an hourly employee who clocked in at the beginning of her shift and clocked out at the end of her shift.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Defendant admits only that management reprimanded Plaintiff on numerous occasions for violations of various store policies and procedures.  Otherwise, denied.

18.     Denied.

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

20.     Defendant admits only that Plaintiff was approved for short term disability benefits between December 19, 2019 and February 29, 2020.  Otherwise, denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Defendant admits only that it terminated Plaintiff's employment with the company on or about February 17, 2021 for violation of Home Depot's attendance policy. Otherwise, denied.

28.     Defendant admits only that it employed Plaintiff at one time.  Otherwise, denied.

29.     Denied.

## "COUNT I"

## "DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA"

30.     Defendant readopts and re-alleges its responses to Paragraphs 1 through 29 as if fully set forth herein.

31.     Denied.

32.     Denied.

33.     Denied.

3

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 40 of Plaintiff's Complaint

## "COUNT II"

## "RETALIATION IN VIOLATION OF THE FCRA"

41.     Defendant readopts and re-alleges its responses to Paragraphs 1 through 29 as if fully set forth herein.

42.     Defendant admits only that it employed Plaintiff at one time.  Otherwise, denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 48 of Plaintiff's Complaint.

4

## "COUNT III"

## "RETALIATION UNDER FLA. STAT. § 440.205 AGAINST DEFENDANT"

49.     Defendant readopts and re-alleges its responses to Paragraphs 1 through 29 as if fully set forth herein.

50.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

51.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 57 of Plaintiff's Complaint.

## "JURY DEMAND"

Defendant admits that Plaintiff demands a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.  Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.  Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation

and discovery.  Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All actions taken by Defendant and its agents with regard to Plaintiff were based on legitimate and reasonable business factors, and not in any way related to any discriminatory or retaliatory intent.

## THIRD DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-retaliatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to retaliate.

## FOURTH DEFENSE

Defendant's actions with regard to Plaintiff's employment were job-related and consistent with business necessity.

## FIFTH DEFENSE

Any improper, illegal, or retaliatory acts taken against Plaintiff by any employee of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## SIXTH DEFENSE

Plaintiff is not a handicapped individual under Chapter 760, Florida Statutes.

## SEVENTH DEFENSE

Plaintiff was not a "qualified individual with a disability" as those terms have been defined and/or interpreted under the Americans with Disabilities Act and/or Chapter 760, Florida Statutes.

## EIGHTH DEFENSE

Defendant exercised reasonable care to prohibit, prevent, and promptly correct discriminatory, retaliatory or unlawful behavior, if any. Defendant has a policy prohibiting discrimination and retaliation and a procedure by which its employees should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination and retaliation. Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage or use preventative or corrective procedures provided in due care by Defendant to avoid harm or for acts of its employees committed outside the scope of employment.

## NINTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

## TENTH DEFENSE

To the extent Plaintiff's cause of action, claim and item of damages did not accrue within the time prescribed by law for them before this action was brought, such claims must be dismissed.

7

## ELEVENTH DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

## TWELFTH DEFENSE

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## FOURTEENTH DEFENSE

At all times relevant to this suit, Defendant acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, or brings claims or relies upon facts which exceed the scope of or are inconsistent with Plaintiff's FCHR and EEOC charge(s), or are time barred by the applicable limitations period for such claims. Further, Plaintiff must exhaust all mandatory administrative remedies.

8

### SIXTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands must be set off against or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

### SEVENTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's alleged damages are controlled and/or are limited by the damages caps imposed by state law and Constitutional limits.

### EIGHTEENTH DEFENSE

There should be no award of compensatory damages for mental anguish or emotional distress absent expert medical testimony concerning the cause and existence of any emotional or mental injury.

### NINETEENTH DEFENSE

The punitive damages demanded in the Complaint are barred in whole on the grounds that Plaintiff failed to allege any actionable conduct on behalf of Defendant that would support an award for punitive damages.

### TWENTIETH DEFENSE

In the alternative, the punitive damages demanded in the Complaint are barred in whole on the grounds that any actionable conduct on behalf of Defendant was not willful, wanton, or negligent, such that no punitive damages should be awarded.

9

## TWENTY-FIRST DEFENSE

Plaintiff's request for attorneys' fees and costs is in part discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

## TWENTY-SECOND DEFENSE

To the extent that the relief sought by Plaintiff falls under the exclusive remedy of Florida Worker's Compensation Benefits Law, Plaintiff cannot recover.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff failed to engage in valid protected activity under Chapter 440, *Florida Statutes*, Plaintiff is barred from recovery.

## TWENTY-FOURTH DEFENSE

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated: June 14, 2022.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*s/ Gregory R. Hawran*
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant,*
*Home Depot U.S.A., Inc.*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2022, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

*s/ Gregory R. Hawran*
Gregory R. Hawran

12

## SERVICE LIST

*Sandara Weber v. Home Depot U.S.A., Inc.*
*15th Judicial Circuit in and for Palm Beach County, Florida*
*CASE NO.: 2022-CA-003492*

Jason S. Remer
jremer@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler
Suite 2200
Miami, FL 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005

*Counsel for Plaintiff, Sandara Weber*

Method of Service: Florida E-Filing Portal

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
 Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant,*
*Home Depot U.S.A., Inc.*

13

IN THE CIRCUIT COURT, 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 2022-CA-003492XXXXMB

SANDARA WEBER,

     Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

     Defendant.

_____/

### NOTICE OF APPEARANCE AS COUNSEL

PLEASE TAKE NOTICE that the undersigned counsel, Mercy B. Pina-Brito, Esq., hereby files this Notice of Appearance as counsel on behalf of the Plaintiff in the above-styled cause. The undersigned associate counsel requests that copies of all pleadings, notices, correspondence, and communications of any type, be furnished to her in accordance therewith.

Dated: July 12, 2022.

Respectfully submitted,

/s/Mercy B. Pina-Brito
REMER & GEORGES-PIERRE, PLLC
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Mercy B. Pina-Brito, Esq.
Florida Bar No. 135161
mpb@rgpattorneys.com
Courthouse Tower
44 West Flagler Street,
Suite 2200 Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2022 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E- filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts Efiling Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices. By: /s/Mercy B. Pina-Brito Mercy B. Pina-Brito, Esq. Florida Bar No. 135161.

CASE NO.: 2022-CA-003492XXXXMB

## SERVICE LIST

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456
Counsel for Defendant,
Home Depot U.S.A., Inc.

Case 9:22-cv-81515-DMM   Document 1-2   Entered on FLSD Docket 09/29/2022   Page 38 of 55

IN THE CIRCUIT COURT, 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 2022-CA-003492XXXXMB

SANDARA WEBER,

      Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING PLAINTIFF'S FIRST SET OF
## INTERROGATORIES PROPOUNDED ON DEFENDANT HOME DEPOT U.S.A., INC.

Plaintiff, SANDRA WEBER ("Plaintiff"), by and through undersigned counsel, hereby

gives notice of the service upon Defendant, HOME DEPOT U.S.A., INC., via e-mail of Plaintiff's

First Set of Interrogatories to Defendant pursuant to Rule 1.340, Florida Rules of Civil Procedure.

Dated: July 14, 2022.

Respectfully submitted,

/s/Mercy B. Pina-Brito
REMER & GEORGES-PIERRE, PLLC
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Mercy B. Pina-Brito, Esq.
Florida Bar No. 135161
mpb@rgpattorneys.com
Courthouse Tower
44 West Flagler Street,
Suite 2200 Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005
Attorney for Plaintiff

NOT A CERTIFIED COPY

CASE NO.: 2022-CA-003492XXXXMB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2022 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E- filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts Efiling Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices. By: /s/Mercy B. Pina-Brito Mercy B. Pina-Brito, Esq. Florida Bar No. 135161.

## SERVICE LIST

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456
Counsel for Defendant,
Home Depot U.S.A., Inc.

IN THE CIRCUIT COURT, 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 2022-CA-003492XXXXMB

SANDARA WEBER,

      Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

      Defendant.

_____ /

## PLAINTIFF'S NOTICE OF SERVING PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT HOME DEPOT U.S.A., INC.

Plaintiff, SANDRA WEBER ("Plaintiff"), by and through undersigned counsel, hereby

gives notice of the service upon Defendant, HOME DEPOT U.S.A., INC., via e-mail of Plaintiff's

First Request for Production to Defendant pursuant to Rule 1.350, Florida Rules of Civil

Procedure.

Dated: July 14, 2022.

Respectfully submitted,

/s/Mercy B. Pina-Brito
REMER & GEORGES-PIERRE, PLLC
Jason S. Remer, Esq.
Florida Bar No. 0165580
 jremer@rgpattorneys.com
Mercy B. Pina-Brito, Esq.
Florida Bar No. 135161
mpb@rgpattorneys.com
Courthouse Tower
44 West Flagler Street,
Suite 2200 Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005
 Attorney for Plaintiff

NOT A CERTIFIED COPY

CASE NO.: 2022-CA-003492XXXXMB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2022 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E- filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts Efiling Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices. By: /s/Mercy B. Pina-Brito Mercy B. Pina-Brito, Esq. Florida Bar No. 135161.

## SERVICE LIST

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456
Counsel for Defendant,
Home Depot U.S.A., Inc.

2

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY,
FLORIDA

SANDARA WEBER,

      Plaintiff,                    CASE NO: 2022-CA-003492

v.

HOME DEPOT USA, INC.,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES TO PLAINTIFF SANDARA WEBER

Defendant Home Depot U.S.A., Inc. ("Defendant"), pursuant to Rule 1.340 of the Florida

Rules of Civil Procedure, certifies that it has served on July 6, 2022, on Plaintiff Laura Sandara

Weber the following interrogatories. Defendant requests that Plaintiff answer each separately

and fully in writing and under oath, and serve a copy of said answers upon Defendant's attorneys

within thirty (30) days from the date of service of these interrogatories.

Dated: July 22, 2022.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456


_s/ Gregory R. Hawran_
Christopher P. Hammon
  Florida Bar Number 176753
  chris.hammon@ogletree.com
Gregory R. Hawran
  Florida Bar Number 55989
  gregory.hawran@ogletree.com

_Counsel for Defendant Home Depot USA, Inc._

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 22, 2022, the foregoing document is being provided

this day on all counsel of record identified on the attached Service List in the manner specified.

*s/ Gregory R. Hawran*

Gregory R. Hawran

## SERVICE LIST

*Sandara Weber v. Home Depot USA, Inc.*
*15th Judicial Circuit in and for Palm Beach County, Florida*
Case No. 2022-CA-003492

Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005
Email: jremer@rgpattorneys.com

*Counsel for Plaintiff*

Method of Service: eFiling Portal

Christopher P. Hammon
  chris.hammon@ogletree.com
Gregory R. Hawran
  gregory.hawran@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant*

4

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: AD
CASE NO.: 50-2022-CA-003492-XXXX-MB

SANDRA WEBER,
    Plaintiff/Petitioner
vs.
HOME DEPOT USA INC,
    Defendant/Respondent.
_____/

## ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING JURY TRIAL AND PRE-TRIAL CONFERENCE, AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES
(DCMJT)

**THIS CAUSE** came before the Court, *sua sponte*, on case management review pursuant to Rule 2.545 (b), Fla. R. Jud. Admin., Rule 1.200, and Administrative Order 3.107. At least one hundred and thirty (130) days has passed and the Parties have failed to submit an Agreed Case Management Plan with an Order Approving Case Management Plan within the time deadlines outlined in the administrative order, and the Court having reviewed the file, hereby designates this case to the General Track to be disposed of within eighteen months from the date of filing. Based upon a review of the file, Fla. R. Jud. Admin. 2.250(a)(1)(B) and 2.545(b), the Court finds that this case is at issue and hereby ORDERS that:

## I. SCHEDULING

This action is set for **Jury Trial** on the **Court's trial docket** sometime between June 19, 2023 and August 11, 2023. **E-CALENDAR CALL IS SET FOR JUNE 09, 2023. COMPLETION OF THE E-CALENDAR CALL FORM IS REQUIRED BY THE SCHEDULED DATE OF E-CALENDAR CALL.** The Court has reserved <u>FOUR (4) DAYS</u> for the trial of this cause.

## E-CALENDAR CALL

DIVISION AD has adopted an <u>**E-Calendar**</u> Call. Counsel/parties must comply with the instructions for E-Calendar Call as listed on the Division AD webpage and in "Exhibit A" of this Order. The "E-Calendar Call Form" (Exhibit A) shall be completed and submitted by email to CAD-DivisionAD@pbcgov.org no later than the date E-Calendar Call is scheduled.

The trial will be scheduled sometime during the trial docket period at a date and time to be provided by counsel in the E-Calendar Call Form, subject to the Court's ordering a later case setting. The trial shall be set during each of the weeks of this trial period **unless counsel sets**

forth specific conflict dates, which dates shall be limited to personal conflicts and prepaid vacations.

## II. UNIFORM PRETRIAL PROCEDURE-

All pretrial deadlines set forth in this Order shall be strictly adhered to by the parties.

A.   On the last business day no later than **90 DAYS PRIOR TO CALENDAR CALL**, the parties shall exchange lists of all trial exhibits, names and addresses of all trial witnesses, and names and addresses of all expert witnesses.

B.   On the last business day no later than **60 DAYS PRIOR TO CALENDAR CALL**, the parties shall exchange lists of names and addresses of all rebuttal witnesses.

C.   In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties shall provide:

   1.   the subject matter about which the expert is expected to testify;
   2.   the substance of the facts and opinions to which the expert is expected to testify;
   3.   a summary of the grounds for each opinion;
   4.   a copy of any written reports issued by the expert regarding this case;
   5.   a copy of the expert's curriculum vitae.

D.   On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties shall confer and:

   1.   discuss settlement;
   2.   simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
   3.   prepare a Pre-Trial Stipulation in accordance with paragraph E; and
   4.   list all objections to trial exhibits.

E.   **PRETRIAL STIPULATIONS AND PRETRIAL MOTIONS MUST BE FILED.** It shall be the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL. All pre-trial motions shall be filed no later than 30 days prior to CALENDAR CALL**. UNILATERAL PRETRIAL STATEMENTS ARE DISALLOWED, UNLESS APPROVED BY THE COURT, AFTER NOTICE AND HEARING SHOWING GOOD CAUSE. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation shall contain in separately numbered paragraphs:

   1.   a list of all pending motions, including MOTIONS IN LIMINE and DAUBERT MOTIONS requiring action by the Court and the dates those motions are set for

hearing (MOTIONS IN LIMINE and DAUBERT HEARINGS shall not be heard the day of the trial or thereafter).

2.   stipulated facts which require no proof at trial which may be read to the trier of fact;
3.   a statement of all issues of fact for determination at trial;
4.   each party's numbered list of trial exhibits with specific objections, if any, to schedules attached to the Stipulation;
5.   each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses shall be on separate schedules attached to the Stipulation;
6.   a statement of estimated trial time;
7.   names of attorneys to try case; and
8.   number of peremptory challenges per party.
9.   proposed jury instructions to be attached.

F.     **FILING OF PRE-TRIAL STIPULATION.** Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as above provided may result in the case being stricken from the Court's calendar at its sounding or other sanctions.

G.     **ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS.** At trial, the parties shall be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D shall immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

H.     **DISCOVERY.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **20 DAYS BEFORE THE DATE SET FOR CALENDAR CALL**, absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown.

I.     **PRE-TRIAL CONFERENCE.** No pre-trial conference pursuant to Fla. R. Civ. P. 1.200 is set by the Court on its own motion. If a pre-trial conference is set upon motion of a party, counsel shall meet and prepare a stipulation pursuant to paragraphs D and E and file the stipulation no later than **10 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Motions for Summary Judgment will not be heard at any pre-trial conference.

J.     **UNIQUE QUESTIONS OF LAW.** Five days prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate

memoranda with citations to legal authority in support of any unique legal questions which may reasonably be anticipated to arise during the trial.

K.   **MODIFICATION TO UNIFORM PRE-TRIAL PROCEDURE.** Shall be by court order only.

L.   **PRE-MARKING EXHIBITS.** Prior to trial, each party shall meet with and assist the clerk in marking for identification all exhibits, as directed by the clerk.

M.   **DEPOSITION DESIGNATIONS.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party shall serve his, her, or its designation of depositions, or portions of depositions, each intends to offer as testimony in his, her or its case in chief. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party shall serve his, her, or its counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than calendar call, each party shall serve his, her or its objections to counter designations served by an opposing party.

N.   **REQUIRED PRE-CALENDAR CALL MEETING.** No later than **FIVE DAYS PRIOR TO CALENDAR CALL**, counsel for the parties are required to meet and exchange all pre-marked exhibits and demonstratives that will be used at trial. Counsel for the parties are directed to collaborate on the production of proposed jury instructions and verdict form and submit same to the Court, prior to calendar call.

## III.   MEDIATION

A.   All parties are required to participate in mediation.

1.   The appearance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

2.   At least **ONE WEEK BEFORE THE CONFERENCE**, all parties shall file with the mediator a brief, written summary of the case containing a list of issues as to each party. If an attorney or party filing the summary wishes its content to remain confidential, he/she must advise the mediator in writing when the report is filed.

3.   All discussions, representations, and statements made at the mediation conference shall be privileged consistent with Florida Statutes sections 44.102 and 90.408.

4.   The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it shall be the responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B.   The Plaintiff's attorney shall be responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (f), Fla. R. Civ. P. The lead attorney or party shall file and serve on all parties and the mediator a Notice

of Mediation giving the time, place, and date of the mediation and the mediator's name. The mediator shall be paid $175.00 per hour, unless otherwise agreed by the parties.

C.   **Completion of mediation prior to calendar call is a prerequisite to trial.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D.   Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

## IV.   <u>NONCOMPLIANCE</u>

**NONCOMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE CASE, WITNESSES, OR EXHIBITS, OR IMPOSITION OF SUCH OTHER SANCTIONS AS ARE JUST.**

**NOTE:** In accordance with the 15th Judicial Circuit's Administrative Order 2.310, please ensure that *primary and secondary email addresses are registered with Court Administration at www.15thcircuit.com/onlineservices.* The filing of an email designation with the Clerk's Office is <u>NOT</u> a registration with Court Administration for judicial e-service of orders. <u>If you do not register with the 15th Circuit as set forth above, your e-service address will auto-populate with your Florida Bar e-mail address and may result in orders going to e-mail addresses which are not frequently checked or are no longer in use.</u>

In accordance with <u>Administrative Order 2.311</u>, when an attorney is no longer counsel of record on a case, the attorney must update his or her primary and secondary email addresses with the Clerk of Court. (<u>See exhibits attached to A.O. 2.311.</u>)

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

502022CA003492XXXXMB   09/16/2022
Jaimie R. Goodman   Circuit Judge

502022CA003492XXXXMB   09/16/2022
Jaimie R. Goodman
Circuit Judge

COPIES FURNISHED:

| Name | Address | Email |
|---|---|---|
| GREGORY R. HAWRAN ESQ | 9130 S. DADELAND BLVD. STE 1625 MIAMI, FL 33156 | GREGORY.HAWRAN@OGLETREE.COM; greg.hawran@ogletreedeakins.com; robert.borroto@ogletreedeakins.com; veronica.alarcon@ogletreedeakins.com; gregory.hawran@ogletreedeakins.com |

| Name | Address | Email |
|------|---------|-------|
| JASON S. REMER ESQ | 44 W FLAGLER ST STE 2200 MIAMI, FL 33130 | JREMER@RGPATTORNEYS.COM; ng@rgpattorneys.com; pn@rgpattorneys.com; mpb@rgpattorneys.com; cdelgado@rgpattorneys.com |

NOT A CERTIFIED COPY

## EXHIBIT A

### CIRCUIT CIVIL DIVISION AD:  E-CALENDAR CALL FORM

**PLAINTIFF'S COUNSEL SHALL CONFER ON THE ISSUES OUTLINED IN THIS ORDER AND COMPLETE THIS FORM WITH ALL INFORMATION REQUESTED (INCLUDING CONFLICTS FOR ALL COUNSEL OF RECORD). ONCE THE "E-CALENDAR CALL FORM" IS COMPLETE, THE E-CALENDAR CALL FORM MUST BE E-MAILED TO** CAD-DivisionAD@pbcgov.org **no later than the end of business day on the date of your scheduled calendar call.**

**CALENDAR CALL DATE:** _____

**FOR THE TRIAL PERIOD OF:** _____

**CASE NAME:** _____

**CASE NUMBER:** _____

**PLAINTIFF'S TRIAL COUNSEL CONTACT INFORMATION:**

Full Name:_____

Phone:_____

Primary Email: _____

Secondary Email: _____

**DEFENDANT'S TRIAL COUNSEL CONTACT INFORMATION:**

Full Name:_____

Phone:_____

Primary Email: _____

Secondary Email: _____

**NUMBER OF DAYS/HOURS REQUESTED FOR TRIAL/HEARING:**_____

**DATE PRE-TRIAL STIPULATION WAS FILED:**_____

**DATE MEDIATION CONFERENCE WAS CONDUCTED:** _____

**\*DATES AND SPECIFIC NATURE OF CONFLICTS DURING TRIAL DOCKET:**

---

**\*\*PREFERRED TRIAL WEEKS:**

---

*\*The Court will only recognize the following conflicts:*

- *Prepaid vacations*
- *Personal Conflicts*

 ***All conflicts must indicate the date and reason for the conflict listed.***

*\*\*The preferred trial weeks are <u>not</u> necessarily the weeks you will be set for trial. The court will try to accommodate your requests to the best of its ability; however, the case may still be set for trial during the other weeks of the docket. The more dates you provide the greater chance of the court accommodating your requests. Upon determination of availability for setting trial in this trial period, the Court will post the trial on the DIVISION AD website.*

Case 9:23-cv-80815-DMM Document 1 Entered on FLSD Docket 09/29/2022 Page 54 of 55

IN THE CIRCUIT COURT, 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 2022-CA-003492XXXXMB

SANDARA WEBER,

     Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

     Defendant.

_____ /

## NOTICE OF DISASSOCIATION OF COUNSEL

     The Plaintiff in this action is represented by the firm, Remer & Georges-Pierre, PLLC. n/k/a Remer, Georges-Pierre and Hoogerwoerd, PLLC. The undersigned entered a Notice of Disassociation of Counsel on the matter in its handling of the matter for the Firm, Remer & Georges-Pierre, PLLC. n/k/a Remer, Georges-Pierre and Hoogerwoerd, PLLC. and in the course of employment was associated as representing the Plaintiff in this action. As of September 23, 2022, the undersigned will no longer be employed by the firm of Remer & Georges-Pierre, PLLC. n/k/a Remer, Georges-Pierre and Hoogerwoerd, PLLC.

     As the undersigned will not be employed by the firm Remer & Georges-Pierre, PLLC. n/k/a Remer, Georges-Pierre and Hoogerwoerd, PLLC., after September 23, 2022, the undersigned will no longer represent the Plaintiff in this action. However, the Plaintiff remains represented by the firm Remer & Georges-Pierre, PLLC. n/k/a Remer, Georges-Pierre and Hoogerwoerd, PLLC. and its constituent attorneys.

Dated: September 19, 2022.

CASE NO.: 2022-CA-003492XXXXMB

Respectfully submitted,

/s/Mercy B. Pina-Brito
REMER & GEORGES-PIERRE, PLLC
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Mercy B. Pina-Brito, Esq.
*Florida Bar No. 135161*
mpb@rgpattorneys.com
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134
Tel: (305) 416-5000
Fax: (305) 416-5005
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2022 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E- filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts Efiling Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices. By: /s/Mercy B. Pina-Brito Mercy B. Pina-Brito, Esq. Florida Bar No. 135161.

## SERVICE LIST

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456
Counsel for Defendant,
Home Depot U.S.A., Inc.